IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| PAUL C. KELLY, III, *individually, and on behalf of others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>BECK BUILDING SERVICES, INC.; DROPOUT HOLDINGS, LLC f/k/a BECK JANITORIAL, LLC; BECK FACILITY SERVICES, LLC; CHARLES D. BECK, JR.; and RYAN BROOKS,<br><br>    Defendants. | Civil Action File No.:<br><br>3:19-cv-00049-TCB |

**JOINT STIPULATION TO CONDITIONALLY CERTIFY
COLLECTIVE ACTION & ISSUE COURT-APPROVED NOTICE**

Plaintiff Paul C. Kelly and Defendants Beck Building Services, Inc.; Dropout Holdings, LLC f/k/a Beck Janitorial, LLC; Beck Facility Services, LLC; Charles D. Beck, Jr.; and Ryan Brooks (collectively "Beck"), by and through undersigned counsel, stipulate to the conditional certification of this case as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), and to the issuance of a Court-approved notice to the

collective action class members. The Parties have reached agreement on: (1) the conditional certification of a collective action; (2) a process for the distribution of a Court-approved notice to potential class members, (3) the content of a proposed notice, and (4) the documents that Defendants will produce prior to mediation, which will be scheduled within 60 days of the close of the notice period. Accordingly, the Parties request that the Court enter the stipulation as an Order conditionally certifying this case as a collective action, approving the proposed notice, and authorizing issuance of the notice pursuant to the process described in this Stipulation. In support of their request, the Parties show the Court as follows:

1.	Plaintiff filed his Complaint (ECF No. 1) on May 18, 2019, and his first Amended Complaint on June 13, 2019 (ECF No. 9), asserting violations of the FLSA on behalf of himself and other hourly employees employed by Beck within the past three years.

2.	On June 27, 2019, Defendants filed their Answer to Plaintiff's First Amended Complaint and asserted various affirmative defenses. (ECF No. 10.)

3.	On July 23, 2019, this Court entered an Order granting the Parties' Joint Motion to Stay Discovery pending mediation and giving the Parties 14 days to reach an agreement regarding conditional certification and distribution of notice to potential collective action class members. (ECF No. 18.)

4. The Parties have approved the attached Notice of Lawsuit and Opportunity to Join (Ex. 1, "Notice") and the Consent to Join (Ex. 2, "Consent Form") for distribution to the potential collective action class members via U.S. Mail and electronically in a web-accessible format, including a fillable online Consent Form, which may be signed and submitted electronically.

5. Having agreed to conditionally certify this case as a collective action and issue Notice to the potential class members, the Parties propose the following process for the Court's review and approval:

5.1. Within 14 days of this Court's entry of this Joint Stipulation, Defendants will provide to Plaintiffs' Counsel the names and last known mailing addresses, email addresses (if available), and phone numbers of all individuals who worked for Beck at any time during the period from May 18, 2016 to the present, received an hourly wage, and were subject to Beck's wage and hour policies and/or practices regarding meal and rest periods, timekeeping, and/or incentive compensation (the "Class List").

5.2. Within 7 days following receipt of any notification by Plaintiffs' Counsel of any defects in the Class List (*i.e.*, incomplete, inaccurate, or missing information), Defendants will cure any defects identified by Plaintiffs' Counsel or state why the issue cannot be cured.

5.3.    Within 21 days following receipt of Class List, Plaintiffs' Counsel, or a third-party designated by Plaintiffs' Counsel, will distribute the Notice and Consent Form via First Class U.S. Mail ("Mailed Notice") and via direct electronic message ("Electronic Notice"). Each Mailed Notice shall be accompanied by a Consent Form and a self-addressed and stamped return envelope, and a link to the web-accessible Notice and fillable Consent Form. Each Electronic Notice shall include a link to the web-accessible Notice and fillable Consent Form and an explanation (in a manner consistent with the language of the approved Notice) that the link will redirect the recipient to an online Notice and Consent Form containing information about the lawsuit, the recipient's legal rights and opportunity to join the lawsuit, and how to join. To the extent practicable, each Electronic Notice should also include the content of the Notice and Consent Form in the body of the transmission. Plaintiffs' Counsel will use their best efforts to distribute all Mailed and Electronic Notices on the same day, so as to establish a single date of distribution to the extent practicable. Plaintiffs' Counsel may advance the costs associated with the issuance of the Notices and Consent Forms and shall retain the right to petition the Court for the recovery of any such advanced costs.

5.4. No later than seven (7) days after the Notice has been distributed in the manner described herein, Plaintiffs' Counsel will submit a status report notifying the Court and Defendants that the Notices and Consent Forms have been distributed to the individuals on the Class List in a manner consistent with this Order and identifying the date of distribution.

5.5. There will be a 60-day period following the date of distribution identified by Plaintiffs' Counsel during which individuals may opt-in to this lawsuit ("Notice Period") by returning a Consent Form to Plaintiffs' Counsel or to the third-party administrator (if applicable). Plaintiffs' Counsel will file with the Court any Consent Forms received within a reasonable time of receipt.

5.6. For any Notices returned as undeliverable, Plaintiffs' Counsel will have a reasonable time to ascertain correct contact information and re-issue the Notices and Consent Forms. For class members whose Notice and Consent Forms are re-issued, the Notice Period will be extended by the amount of time between the date Notice was originally issued and the date Notice is re-issued but not to exceed 30 days beyond the date the Notice Period would otherwise end. Plaintiffs' Counsel will notify Defendants of any extensions resulting from the reissuance of Notices.

5.7. All Consent Forms should be filed with the Court within the Notice Period, which may be extended in the event of re-distribution or as otherwise agreed by the Parties.

5.8. For each of the plaintiffs who file Consent Forms to join this action ("Opt-ins"), Defendants shall produce the following information within 30 days of the date the Consent Form was filed with the Court:

    5.8.1. Time records for each Opt-in for the relevant time period in .CSV, .XLS, or .XLSX file format;

    5.8.2. Pay records for each Opt-in for the relevant time period periods in .CSV, .XLS, or .XLSX file format;

    5.8.3. Audit trails, modification data, and/or relevant system metadata .CSV, .XLS, or .XLSX file format for the time and pay records provided for each Opt-in showing all changes made to any of the time and pay records; and

    5.8.4. All documents concerning wage and hour policies and practices that apply to the Opt-ins, produced in native or near native format with all metadata intact.

6. The Parties will schedule mediation within 60 days following the close of the Notice Period.

7. To the extent issues arise necessitating the modification of the deadlines outlined in this stipulation, the Parties will confer in good faith to try to reach an agreement regarding any such modification. If the Parties are unable to reach an agreement, the party seeking the modification may seek a ruling from the Court regarding the desired modification.

8. Defendants reserve the right to move to de-certify the class at a later date pursuant to applicable law should the parties not be successful in resolving the claims at mediation.

Respectfully submitted, this 5th day of August, 2019.

| | |
|---|---|
| */s/ Meredith Riggs Guerrero* | */s/ Melissa A. Carpenter* |
| Joseph C. Chancey | John L. Mays |
| Georgia Bar No. 120520 | Georgia Bar No. 986574 |
| jchancey@deflaw.com | jmays@pcwlawfirm.com |
| Daniel C. Kniffen | Jennifer K. Coalson |
| Georgia Bar No. 425380 | Georgia Bar No. 266989 |
| DKniffen@deflaw.com | jcoalson@pcwlawfirm.com |
| Meredith Riggs Guerrero | Melissa A. Carpenter |
| Georgia Bar No. 214274 | Georgia Bar No. 385004 |
| mguerrero@deflaw.com | mcarpenter@pcwlawfirm.com |
| | |
| **DREW ECKL & FARNHAM, LLP** | **PARKS, CHESIN & WALBERT, P.C.** |
| 303 Peachtree Street, NE - Suite 3500 | 75 Fourteenth St., Suite 2600 |
| Atlanta, GA 30308 | Atlanta, Georgia 30309 |
| Telephone: (404) 885-1400 | Phone: (404) 873–8000 |
| Facsimile: (404) 876-0992 | Fax: (404) 873–8050 |
| | |
| *Counsel for Defendants* | *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I certify that on August 5, 2019, I electronically filed the foregoing **JOINT STIPULATION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION & ISSUE COURT-APPROVED NOTICE** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record. I further certify that that this pleading is prepared in Times New Roman 14-point font, in conformity with the N.D. Ga. Local Rule 7.1D.

Respectfully submitted this 5th day of August, 2019.

*/s/ Melissa A. Carpenter*
Melissa A. Carpenter
Georgia Bar No. 385004
mcarpenter@pcwlawfirm.com